**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4454**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

RYAN CHRISTOPHER FULTZ,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (4:13-cr-00026-HCM-DEM-1)

---

Submitted:  January 30, 2015          Decided:  February 4, 2015

---

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Edwin S. Booth, SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Newport News, Virginia; Lindsay C. Sfekas, Second Year Law Student, William & Mary Law School, Williamsburg, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Christopher Fultz appeals his convictions for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012); possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012); possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2012); and aiding and abetting the latter two offenses, 18 U.S.C. § 2 (2012). At trial, the district court excluded a portion of the testimony of Fultz' proffered expert witness, Carl Rone. Rone was prepared to testify that Fultz could not have been the shooter of the AR-15 Bushmaster because of where the .223 caliber shell casings were discovered at the crime scene. On appeal, Fultz argues that the district court abused its discretion by excluding Rone's testimony and by failing to grant a new trial on the ground that Rone's testimony was wrongfully excluded. See Fed. R. Crim. P. 33. We affirm.

We review for abuse of discretion a district court's decisions to exclude expert testimony, United States v. Garcia, 752 F.3d 382, 390 (4th Cir. 2014), and to deny a motion for a new trial. United States v. Bartko, 728 F.3d 327, 334 (4th Cir. 2013), cert. denied, 134 S. Ct. 1043 (2014). "Federal Rule of

2

Evidence 702 serves as [a] guidepost" for district courts when determining the admissibility of an expert opinion.  United States v. Wilson, 484 F.3d 267, 274 (4th Cir. 2007).  Under the Rule, the district court serves as a gatekeeper, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant" to the fact at issue.  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993).

The primary issue in the district court and on appeal is whether Rone's opinion was reliable.  Because "expert witnesses have the potential to be both powerful and quite misleading," it is crucial that the district court conduct a careful analysis into the reliability of the expert's proposed opinion.  Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001) (internal quotation marks omitted).  In Daubert, the Supreme Court provided a list of five factors a district court may consider when evaluating the reliability of scientific expert testimony.  See United States v. Hassan, 742 F.3d 104, 130 (4th Cir.) (listing Daubert factors), cert. denied, 135 S. Ct. 157 (2014).  This list of factors, however, is not "definitive or exhaustive," United States v. Crisp, 324 F.3d 261, 266 (4th Cir. 2003), as "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination."  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142

3

(1999).   Thus, "the particular factors [bearing on the reliability of the opinion] will depend upon the unique circumstances of the expert testimony involved."  Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999). Ultimately, "[t]he proponent of the testimony" bears the burden of proving that it is reliable.  Cooper, 259 F.3d at 199.

After reviewing the record, we conclude that Fultz did not meet his burden to prove that Rone's opinion was reliable. First, Fultz did not provide support for the validity of Rone's method — that the position of the shooter could be determined by examining only the location of the shell casings.  Although Fultz provided additional support for Rone's method in his motion for a new trial, there is no reason why that support could not have been provided at or before trial, especially considering that the Daubert factors are well-established. Second, even if Rone's method of determining the location of the shooter is accepted in the relevant scientific community, the crime scene in this case was so compromised that any opinion on the location of the shooter based on the physical evidence would be pure guesswork.

In sum, we conclude that, because Rone's testimony had "a greater potential to mislead than to enlighten," Westberry, 178 F.3d at 261, the district court did not abuse its discretion by excluding it.  Accordingly, we affirm the district court's

4

judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED